1  HOWARD B. GOLDS, Bar No. 112626
   Howard.Golds@bbklaw.com
2  CYNTHIA M. GERMANO, Bar No. 151360
   Cynthia.Germano@bbklaw.com
3  DANIELLE G. SAKAI, Bar No. 210316
   Danielle.Sakai@bbklaw.com
4  BEST BEST & KRIEGER LLP
   3750 University Avenue, Suite 400
5  P.O. Box 1028
   Riverside, CA 92502
6  Telephone: (951) 686-1450
   Telecopier: (951) 686-3083
7
   Attorneys for Defendants
8  CITY OF VICTORVILLE AND CITY OF
   VICTORVILLE FIRE DEPARTMENT
9
              UNITED STATES DISTRICT COURT
10
              CENTRAL DISTRICT OF CALIFORNIA
11

12
   AL FRANCO; ART KING; DALE          Case No. CV 07-07670 SVW (Ex)
13 PRIBER; DAVE BOLESWORTH;
   DAVE MATHIS; DVE WETZEL;           DEFENDANTS CITY OF
14 DAVE WHEATON; HEATH                VICTORVILLE AND CITY OF
   HAMMONDS; JOHN BOROWSKI;           VICTORVILLE FIRE
15 MARTY BROWN; PETE                  DEPARTMENT'S OBJECTION TO
   LAWSON; STANLEY HANSON;            PLAINTIFFS' APPLICATION TO TAX
16 STEVE SILLINGS; TIM PORTER;        COSTS
   CLIFF BRACKIN; DAN
17 PIEDLOW; DARRELL                   Date:    November 5, 2009
   WALTMAN; DAVE NEWMAN;              Time:    9:00 a.m.
18 JAMES GUFFEY; JAMES
   PERATT; JEFF ALEXY; JESSE
19 MARTINEZ; JORGE GALLARDO;
   MICHAEL OUZTS; ROBERT
20 BROCKETTL; SEAN SOLIS;
   SITHA TAN; STEVE
21 CASTAGNOLA; WILLIAM
   GUTIERREZ; ANDY LUJAN;
22 BRANDON FOULKS; FRENT
   CANNON; CARLOS ESTRELLA;
23 DANIEL PINTO; DENNIS JONES;
   JOHN MARTIN; JONATHAN
24 REECE; JOSE CRUZ; MIKE
   CADDELL; RICHARD LYONS;
25 ROBERT MYERS; ROBERT
   VILLARINO; TIM PRONENKO;
26 TRAVIS AGUIERRE; VINCENT
   MARQUEZ; TRENT
27 BLANCHARD; BRIAN WELLS,

28          Plaintiffs,

| | |
|---|---|
| 1 | v. |
| 2 | CITY OF VICTORVILLE, a municipal corporation; VICTORVILLE FIRE DEPARTMENT; and DOES 1 through 1 inclusive, |
| 3 | |
| 4 | |
| 5 | Defendants. |

RVLIT\DSAKAI\751492.2 - 2 - CITY OF VICTORVILLE'S OBJECTION TO APPLICATION TO TAX COSTS

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CALIFORNIA 92502

## OBJECTION TO APPLICATION TO TAX COSTS

### 1. INTRODUCTION

The Application to Tax Costs and Bill of Costs ("Application") submitted by Plaintiffs Al Franco, et al. ("Plaintiffs") seeks costs that are not permitted to be taxed under Federal Rules of Civil Procedure 54 and Central District Local Rule 54-4. Defendants City of Victorville and City of Victorville Fire Department (collectively, "Victorville") cannot be compelled to reimburse Plaintiffs for costs which are not recoverable as a matter of law.

In particular, Plaintiffs' request for costs should be reduced for because Plaintiffs erroneously claim that they are entitled to recover messenger fees as "Fees for service of summons and subpoena." Neither the Federal Rules nor the Local Rules allow such a recovery, and in fact, case law provides that messenger fees are not taxable costs.

Accordingly, Plaintiffs' Application should be denied in so far as it seeks $600 for unrecoverable costs, such that Plaintiffs should recover no more than $552.25.

### 2. ANALYSIS

#### A. Plaintiffs Are Not Entitled To Recover Costs For Expenses Not Authorized By Or Specifically Prohibited By Statute

Federal Rules of Civil Procedure, Rule 54 permits the award of costs to a prevailing party. The Local Rules of the District Court elucidate the rules,

procedures, and taxable costs, for any such award. See, <u>Eastwood v. National Enquirer</u>, 123 F3d 1249, 1257 (C.D. Cal. 1997). Central District Local Rule 54-4 specifically identifies those items that are taxable as costs.

Local Rule 54-4.2 provides that "fees for service of process and for service of subpoenas" are recoverable as costs. The Central District Bill of Cost form makes it clear that Local Rule 54-4.2 provides for recovery of fees associated with service of "summons and subpoena," not every transmission of documents between counsel, service of any other papers, or delivery of courtesy copies to the Court. Messenger fees are <u>not</u> included on that list and thus are not taxable as costs. Although such fees may be included in an attorneys' fee award, they are not taxable costs. See, <u>Velez v. Roche</u>, 2004 U.S. Dist. LEXIS 29848, at *78-*79. (N.D. Cal. 2004); <u>Miller v. Vicorp Rests., Inc.</u>, 2006 U.S. Dist. LEXIS 10112, at *6 (N.D. Cal. 2006.)

Notwithstanding the Local Rules definitive identification of taxable costs and case authority thereon, Plaintiffs seek to recover $600 for messenger fees. Application, Ex. "B", pp. 1-2. Because these costs are not permitted by the Local Rules, Plaintiffs are not entitled to be reimbursed therefore. Accordingly, Plaintiffs are entitled to be reimbursed for only $552.25 of its requested costs.

3. <u>CONCLUSION</u>

For the foregoing reasons, Victorville respectfully requests that the Application be denied in so far as it seeks unrecoverable costs, such that Plaintiffs be awarded no more than $552.25.

Dated: October 9, 2009.

BEST BEST & KRIEGER LLP

By: *Danielle Sakai*
HOWARD B. GOLDS
CYNTHIA M. GERMANO
DANIELLE G. SAKAI
Attorneys for Defendant
CITY OF VICTORVILLE and
CITY OF VICTORVILLE FIRE
DEPARTMENT

## PROOF OF SERVICE

I, Joy S. Ashwood, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Best Best & Krieger LLP, 3750 University Avenue, Suite 400, P.O. Box 1028, Riverside, California 92502. On October 9, 2009, I served the within document(s):

**DEFENDANTS CITY OF VICTORVILLE AND CITY OF VICTORVILLE FIRE DEPARTMENT'S OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF LIQUIDATED DAMAGES AND REASONABLE ATTORNEYS FEES; DECLARATION OF HOWARD B. GOLDS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Riverside, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ I caused such envelope to be delivered via overnight delivery addressed as indicated on the attached service list. Such envelope was deposited for delivery by _____ following the firm's ordinary business practices.

☒ by filing and serving the document(s) listed above as required by Central District Local Rules on the CM/ECF website.

Michael A. McGill, Esq.
Sanjay Bansao, Esq.
Lackie & Dammeier APC
367 North Second Avenue
Upland, CA 91786

Phone: (909) 985-4003
Fax: (909) 985-3299

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 9, 2009, at Riverside, California.

_____
Joy S. Ashwood